Robert SCHLEICHER, Appellant,

v.

Thomas GENTRY, Appellee.

Court of Appeals of Kentucky.

Aug. 12, 1977.

Robin Griffin, Miller, Griffin & Marks, Lexington, Porter R. Draper, Elsie C. Draper, Gable, Gotwals, Rubin, Fox, Johnson & Baker, Tulsa, Okl., for appellant.

Shouse, Houlihan & Burrus, Lexington, for appellee.

Before HAYES, HOWARD and WINTERSHEIMER, JJ.

HOWARD, Judge:

The plaintiff-appellant Schleicher owned two thoroughbred mares, namely Double Chocolate and Miss Caesar. Both of these mares were duly registered with the Jockey Club in New York which customarily, and by agreement of thoroughbred owners throughout the country, controls the important task of registration of thoroughbred horses and the issuance of the proper papers for foals. It appears that Miss Caesar was a valuable mare mainly because one of her foals had become a big money winner. Double Chocolate was not very valuable.

By some means or another, Schleicher or his agents, mistakenly sold Miss Caesar as Double Chocolate at the Keeneland sales in the fall of 1974 for $2700. In January of 1975 they compounded the mistake by selling Double Chocolate as Miss Caesar at the Keeneland sales for $50,000. The purchaser at the latter sale was defendant-appellee Thomas Gentry. Mr. Gentry, without question, is one of the outstanding thoroughbred breeders in the country. The facts are undisputed that both of these mares were in foal to Old Bag and that Gentry caused his mare to be bred back to the great stallion Graustark shortly after the birth of the foal from Old Bag. The stud fee paid by Mr. Gentry was $35,000.00. All the while, Mr. Gentry was contemplating a foal to be born of the mating of Miss Caesar and Graustark. It was not until August of 1975 that Mr. Gentry checked the identification in his mare's mouth in order to have the papers properly prepared for the Jockey Club for the mare and foal. It was established that it was the common and accepted practice in the industry to make these checks in August. In any event, the mistake on the part of plaintiff-appellant was discovered and this litigation followed.

The trial court heard this case without the intervention of a jury and found for defendant-appellee in the total amount of $172,300.00. Of this total amount, $47,300.00 was awarded for the difference in the value of Double Chocolate and Miss Caesar as represented by their respective sale prices referred to above. Also, the trial court awarded to Gentry the $125,000.00 for loss of profits and this amount included the $35,000.00 stud fee.

It seems to this court that Schleicher could have reasonably foreseen that Miss Caesar would have been purchased by a person such as Mr. Gentry for breeding to a good stallion such as Graustark, and that a substantial fee would be paid for this service. Also, he could have reasonably foreseen that his negligence and breach of the express warranty of identification would entitle the purchaser to damage for the difference of the sale price as between Miss Caesar and Double Chocolate. However,

we do not believe that the law imposed upon him the duty to guarantee to a purchaser of his mare at an auction sale that the purchaser would receive a premium price or any price for that matter, for a foal conceived in the future, born in the future, and sold in the future.

In discussing the matter of future damages or profits in 22 Am.Jur.2d *Damages* § 174 at 247 (1965), the case of *Emerson v. Pacific Coast and N. Packing Co.*, 96 Minn. 1, 104 N.W. 573 is referred to and the following language is quoted:

It has been said that four principal considerations have been recognized and applied, namely: (1) How far the contract under consideration specifically provides for the award of damages for prevented gains upon its breach or reasonably implies such an award as a necessary effect of a natural construction of its terms; (2) the degree of certainty with which the harm can be traced to the wrongful conduct complained of as its legal cause; (3) the extent to which the inherent difficulties and uncertainties of calculating the amount of prevented gains render the measure of damages speculative and untrustworthy; and (4) the possibility of applying to the controversy some more satisfactory standard of compensation.

In applying the above principles to this case, it is evident to us that the court's finding as to future profits was clearly erroneous as a matter of law since Schleicher's responsibility for same was based upon evidence that was speculative, remote, and uncertain.

The judgment is affirmed as to the $47,-300.00 award for the difference in sale price and the $35,000.00 stud fee; but the judgment is reversed as to future profits. The trial court will enter a judgment in conformity with this opinion.

ALL CONCUR.